United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   JIMMY ANDREW CONTRERAS,

8           Plaintiff,                          No. C 14-3380 PJH

9       v.                                      ORDER DENYING MOTION TO
                                                TRANSFER; DENYING MOTION TO
10  PERFORMANCE FOOD GROUP, INC., **STAY;** GRANTING IN PART AND
    et al.,                                     DENYING IN PART MOTION TO
11                                              DISMISS/STRIKE
            Defendants.
12  _____/

13

14          Defendants' motion to transfer, motion to stay, and motion to dismiss/strike came on

15  for hearing before this court on November 12, 2014.  Plaintiff Jimmy Andrew Contreras

16  ("plaintiff") appeared through his counsel, Michael Morrison.  Defendants Performance

17  Food Group, Inc., Vistar Transportation, LLC, Roma Food Enterprises, Inc., and

18  Performance Transportation, LLC ("defendants") appeared through their counsel, Matthew

19  Kane.  Having read the parties' papers and carefully considered their arguments and the

20  relevant legal authority, the court hereby DENIES defendants' motion to transfer and

21  motion to stay, for the reasons stated at the hearing, and GRANTS in part and DENIES in

22  part defendants' motion to dismiss/strike as follows.

23                              **BACKGROUND**

24          Plaintiff is a former delivery truck driver who claims that he and other members of

25  the putative class were denied meal and rest breaks, and were compensated based on a

26  "piece-rate" formula that paid them only for time making deliveries, rather than all time

27  worked.  Plaintiff filed suit against defendants Performance Food Group, Inc. ("PFG"),

28  Vistar Transportation, LLC ("Vistar"), Roma Food Enterprises, Inc. ("Roma"), and

United States District Court
For the Northern District of California

Performance Transportation, LLC ("PT") (referred to collectively as "defendants") on behalf of a putative class of "all persons who worked as drivers at any of defendants' locations in California at any time within four (4) years prior to the filing of the initial complaint until the final judgment."  In the operative first amended complaint ("FAC"), plaintiff asserts seven causes of action: (1) failure to pay meal and rest period compensation, (2) failure to pay compensation for all hours worked and minimum wage violation, (3) failure to provide accurate wage statements, (4) waiting time penalties, (5) failure to pay all wages by the appropriate pay period, (6) penalties under the Private Attorney General Act ("PAGA"), and (7) unfair business practices under Cal. Bus. and Prof. Code section 17200.

**DISCUSSION**

A.      Legal Standard

     1.      Motion to dismiss

     A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

     A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

     However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  The allegations in

United States District Court
For the Northern District of California

1  the complaint "must be enough to raise a right to relief above the speculative level." <u>Bell</u>

2  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  A

3  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

4  draw the reasonable inference that the defendant is liable for the misconduct alleged."

5  <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the

6  court to infer more than the mere possibility of misconduct, the complaint has alleged – but

7  it has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Id.</u> at 679.  In the event

8  dismissal is warranted, it is generally without prejudice, unless it is clear the complaint

9  cannot be saved by any amendment.  <u>See</u> <u>Sparling v. Daou</u>, 411 F.3d 1006, 1013 (9th Cir.

10  2005).

11          In addition, while the court generally may not consider material outside the pleadings

12  when resolving a motion to dismiss for failure to state a claim, the court may consider

13  matters that are properly the subject of judicial notice.  <u>Lee v. City of Los Angeles</u>, 250 F.3d

14  668, 688-89 (9th Cir. 2001); <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279,

15  1282 (9th Cir. 1986).  Additionally, the court may consider exhibits attached to the

16  complaint, <u>see</u> <u>Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1555

17  n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and

18  documents that form the basis of the plaintiff's claims.  <u>See</u> <u>No. 84 Employer–Teamster</u>

19  <u>Joint Counsel Pension Trust Fund v. America West Holding Corp.</u>, 320 F.3d 920, 925 n.2

20  (9th Cir. 2003).

21          2.      Motion to strike

22          Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken

23  from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

24  scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to

25  avoid the expenditure of time and money that must arise from litigating spurious issues by

26  dispensing with those issues prior to trial . . . ." <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618

27  F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted).  In order to determine

28  whether to grant a motion to strike under Rule 12(f), the court must determine whether the

1  matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant;

2  (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973-74.

3      Motions to strike are not favored and "should not be granted unless it is clear that

4  the matter to be stricken could have no possible bearing on the subject matter of the

5  litigation." Colaprico v. Sun Microsystem, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

6  When a court considers a motion to strike, it "must view the pleading in a light most

7  favorable to the pleading party." In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955,

8  965 (C.D. Cal. 2000).  A court must deny the motion to strike if there is any doubt whether

9  the allegations in the pleadings might be relevant in the action. Id.

10 B.    Legal Analysis

11     As a threshold matter, defendants move to dismiss all claims asserted against PFG,

12 Vistar, and Roma, arguing that plaintiff was employed only by PT, not by the other

13 defendants.  In response, plaintiff points to the FAC's allegations that all of the defendants

14 constitute an "integrated enterprise," and that all of the defendants were the "joint

15 employers" of plaintiff and the other members of the putative class. See FAC, ¶¶ 12-13.  In

16 particular, plaintiff alleges in the FAC that "[PFG] and [PT] are the entities listed on

17 plaintiff's and members of the plaintiff class' wage statements," and that "plaintiff's and

18 members of the plaintiff class' job duties are governed in part by policies and procedures

19 promulgated by [PFG]." Id. at ¶ 12.

20     As part of his opposition to defendants' motion, plaintiff submits a wage statement

21 listing PFG as the employer, an employee "policy manual" listing Vistar, PFG, and Roma on

22 the cover page, and an "associate handbook" listing Vistar, PFG, and Roma on the cover

23 page. See Dkt. 30, Exs. 1-3.  Because these documents were referenced in the complaint

24 and their authenticity has not been questioned, the court will consider them as part of this

25 motion. See No. 84 Employer-Teamster Joint Counsel Pension Trust Fund, 320 F.3d at

26 925 n.2.  Based on the FAC's allegations, and the documents supporting those allegations,

27 the court finds that plaintiff has pled sufficient facts to support his "integrated enterprise"

28 and "joint employer" theories, and thus, DENIES defendants' motion to dismiss all claims

United States District Court
For the Northern District of California

against PFG, Vistar, and Roma.  However, as noted at the hearing, plaintiff has not yet served the complaint upon Roma, and the parties are ordered to meet and confer regarding service.  If plaintiff does not file a proof of service or a voluntarily dismissal of Roma by December 12, 2014, the court will dismiss Roma under Federal Rule of Civil Procedure 4(m).

Defendants also argue that the first, third, fourth, fifth, sixth, and seventh causes of action fail to state a claim.  Notably, defendants do not challenge the second cause of action, for failure to pay compensation for all hours worked and for minimum wage violations.

1.      Failure to pay meal and rest period compensation (first cause of action)

Defendants argue that the first cause of action, for failure to pay meal and rest period compensation, is based on bare legal conclusions, rather than on facts underlying those conclusions.  Defendants argue that the type of facts that must be pled include:  (1) the dates that plaintiff and other class members worked more than four/six/ten hours in a day, (2) the dates that plaintiff and other class members did not take a first or second meal break, (3) the types of routes that plaintiff and other class members drove and how those routes impacted their ability to take meal/rest breaks, (4) why plaintiff and other class members did not take meal/rest breaks, (5) at whose direction plaintiff and other class members did not take a meal/rest break, (6) "that the same practices were implemented regarding meal and rest breaks with respect to each of the [class members] that worked at locations where plaintiff did not work," and (7) "that other [class members] were not compensated whenever they allegedly were entitled to take but were not provided a meal or rest break."  See Dkt. 18 at 9.  The court finds no basis for the heightened pleading burden that defendants seek to impose upon plaintiff.  Defendants rely on Brown v. Wal-Mart Stores, Inc., but Brown involved the distinguishable allegation that employees were provided meal breaks, but were "pressured, incentivized, and discouraged" from actually taking those breaks, making it "difficult" to actually take the breaks that were nominally provided.  2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013).  The Brown court dismissed

United States District Court

For the Northern District of California

1  the claim, with leave to amend, to allow plaintiffs an opportunity to provide facts "describing

2  instances of this 'difficulty.'"  Id.  In contrast, plaintiff in this case alleges that he was never

3  even provided meal and rest breaks.  Thus, the court finds Brown inapplicable, and

4  DENIES defendants' motion to dismiss the first cause of action.

5         2.       Failure to provide accurate wage statements (third cause of action)

6         As to the third cause of action, for failure to provide accurate wage statements,

7  defendants raise four arguments.  First, defendants argue that the FAC does not

8  adequately plead that any violation was "knowing and intentional," as required by Cal.

9  Labor Code section 226(a).  The court finds that plaintiff need only plead that defendants

10  knew of the facts underlying the alleged violation, and need not plead that defendants had

11  knowledge that their alleged actions were unlawful.  Under this standard, the court finds

12  that plaintiff has adequately pled that defendants' alleged failure to provide accurate wage

13  statements was knowing and intentional.

14         Second, defendants argue that plaintiff fails to plead the "injury" element of the

15  applicable statute.  However, the statute itself resolves this argument, as Cal. Labor Code §

16  226(a)(1) requires employers to provide wage statements that accurately show "gross

17  wages earned," and section 226(e)(2)(B) provides that "[a]n employee is deemed to suffer

18  injury for purposes of this subdivision if the employer fails to provide accurate and complete

19  information as required by any one or more of items (1) to (9), inclusive, of subdivision (a)."

20  Plaintiff alleges that the wage statements did not accurately show all wages earned

21  (because of the piece-rate compensation system alleged in the second cause of action,

22  and the failure to provide meal/rest break payments alleged in the first cause of action),

23  which the court finds sufficient to constitute "injury" under the statute.

24         Third, defendants argue that, under section 226, "employers are only required to

25  accurately report wages that the employee is actually being paid," implying that the amount

26  actually earned is irrelevant.  See Dkt. 18 at 13 (emphasis by defendants).  This argument

27  is flatly contradicted by section 226, which, as discussed above, requires employers to

28  provide wage statements that accurately show "gross wages earned."  Cal. Labor Code §

1   226(a)(1).

2          Finally, defendants argue that meal and rest break payments are not required to be

3   included on wage statements, and thus, any failure to itemize such payments cannot give

4   rise to a claim under section 226.  As an initial matter, the court notes that defendants do

5   not move to dismiss plaintiff's second cause of action, which alleges that defendants failed

6   to compensate employees for all time worked, and thus, even if the court were to accept

7   defendants' argument regarding meal/rest break payments, plaintiff's third cause of action

8   would still be viable.  Even putting that aside, however, the court finds that the case law is

9   unsettled on the issue of whether wage statements must include meal/rest break

10  payments.  While the California Supreme Court has held that meal/rest break payments are

11  not "wages" for the purposes of the statute authorizing recovery of attorneys' fees, the

12  Court has also held that meal/rest break payments are "wages" for statute of limitations

13  purposes.  Compare Kirby v. Immoos Fire Protection, Inc., 53 Cal.4th 1244, 1255 (2012)

14  with Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1113 (2004).  Neither

15  Kirby nor Murphy answers the question of whether meal/rest break payments constitute

16  "wages" for section 226 purposes, and thus, the court declines to dismiss any part of

17  plaintiff's third cause of action on this basis.

18         Accordingly, the court DENIES defendants' motion to dismiss plaintiff's third cause

19  of action.

20         3.      Waiting time penalties (fourth cause of action)

21         Defendants first argue that plaintiff does not adequately plead the "willfulness"

22  element of this claim.  The court reaches the same result here as it did with regard to the

23  "knowing and intentional" element of plaintiff's third cause of action.  Plaintiff has

24  adequately pled that defendants willfully failed to pay employees for all time worked, and

25  willfully failed to provide meal/rest breaks, which the court finds sufficient for pleading

26  purposes.

27         Defendants then argue that a waiting time claim cannot be premised on the alleged

28  failure to pay meal/rest break premiums, because they are not "wages."  The court rejects

United States District Court
For the Northern District of California

1    this argument for the same reasons discussed in connection with plaintiff's third cause of

2    action.

3         Finally, defendants move to strike the reference to "overtime compensation" and the

4    reference to "restitution" in paragraph 46 of the FAC.  Defendants point out that plaintiff no

5    longer asserts a claim for failure to pay overtime compensation (the original complaint

6    included such a claim, but it was dropped in the FAC).  Defendants further argue that the

7    only remedy available for unlawful waiting time is in the form of penalties, not restitution.

8    Plaintiff admits that he "inadvertently left the word 'overtime' in paragraph 46 when

9    amending the original complaint," and "does not dispute that section 203 penalties do not

10   constitute wages capable of restitution."  Because plaintiff does not oppose the motion to

11   strike these two portions of paragraph 46, the motion is GRANTED; however, the court

12   notes this relief has no practical effect on the case, and thus does not serve Rule 12(f)'s

13   purpose of "avoid[ing] the expenditure of time and money that must arise from litigating

14   spurious issues."  Whittlestone, 618 F.3d at 973.  Defendants state in their opening motion

15   that plaintiff has "dropped his claim for overtime wages from his FAC," and thus, a simple

16   meet and confer would have confirmed that the reference to "overtime compensation" was

17   inadvertently included.  And while plaintiff may have mischaracterized the available remedy

18   as "restitution," rather than as "penalties," the correction of this mischaracterization will not

19   "avoid the expenditure of time and money," and in fact, has resulted in the expenditure of

20   additional time and money.

21        Accordingly, defendants' motion to dismiss/strike plaintiff's fourth cause of action is

22   GRANTED in part and DENIED in part.

23        4.    Late wage payments (fifth cause of action)

24        Defendants argue that plaintiff cannot state a claim for the failure to timely pay

25   regular wages under section 204 of the Labor Code, because "plaintiff's claim is predicated

26   solely on the alleged nonpayment of wages, but section 204 simply regulates the timing of

27   wage payments."  Dkt. 18 at 19 (emphasis by defendants).  The court rejects defendants'

28   suggestion that an employer can avoid liability under section 204 by simply never paying

1   certain wages at all, rather than paying them late.  The court further notes that section 204

2   provides for the timely, twice-monthly payment of "[a]ll wages . . . earned by any person in

3   any employment."  Thus, defendants' motion to dismiss plaintiff's fifth cause of action is

4   DENIED.

5          Defendants also move to strike the fifth cause of action's reference to "all damages"

6   and "other remedies," arguing that the only remedy available under section 204 is in the

7   form of "penalties."  <u>See</u> Cal. Labor Code §§ 204, 210.  In response, plaintiff cites to the

8   Ninth Circuit's opinion in <u>Whittlestone</u>, holding that "Rule 12(f) of the Federal Rules of Civil

9   Procedure does not authorize a district court to dismiss a claim for damages on the basis

10  that it is precluded as a matter of law."  618 F.3d at 975-76.  The court finds that

11  <u>Whittlestone</u> does indeed control here, and thus, DENIES defendants' motion to strike

12  plaintiff's request for "all damages" and "other remedies."

13         5.     PAGA penalties (sixth cause of action)

14         Defendants move to dismiss plaintiff's PAGA claim as to defendant PT, arguing that

15  plaintiff "filed his FAC that joined it as a defendant <u>before</u> the expiration of the 33-day

16  waiting period mandated" in the PAGA statute.  Dkt. 18 at 21 (emphasis by defendants).

17  The court agrees that plaintiff should have fully exhausted the required administrative

18  remedies before asserting this claim against PT.  However, the court finds no basis for

19  defendants' claim that plaintiff "has <u>incurably</u> failed to exhaust his administrative remedies"

20  with respect to PT.  <u>Id.</u> (emphasis added).  The court notes that the 33-day waiting period

21  has now passed, and thus, plaintiff's failure to exhaust has indeed been cured.

22  Accordingly, defendants' motion to dismiss plaintiff's sixth cause of action is DENIED.

23         6.     Violation of section 17200 (seventh cause of action)

24         Defendants argue that the remedies available under section 17200 are limited to

25  injunctive relief and restitution, and further argue that any compensation for missed

26  meal/rest breaks are essentially liquidated damages, rather than wages, and thus are not

27  subject to restitution.  However, as discussed above, the court finds that the California

28  Supreme Court has not definitively ruled on the issue of whether meal/rest break payments

United States District Court

For the Northern District of California

1    constitute "wages," and thus, the court DENIES defendants' motion to dismiss/strike

2    plaintiff's seventh cause of action.

3           7.      Request for attorneys' fees

4           Defendants move to strike plaintiff's request for attorneys' fees on two bases: (1)

5    attorneys' fees are not recoverable for missed meal/rest break payments, (2) attorneys'

6    fees are not recoverable under Cal. Code Civ. Proc. § 1021.5 because the primary purpose

7    of plaintiff's suit is to advance his individual economic interests, not to provide a public

8    benefit.

9           As to (1), the court agrees that the California Supreme Court in <u>Kirby</u> held that

10   attorneys' fees are not recoverable for missed meal/rest periods under either sections

11   218.5 or 1194 of the Labor Code.  However, the FAC does not specifically seek attorneys'

12   fees for missed meal/rest breaks under these sections, and instead includes a general

13   request for attorneys' fees under a number of various Labor Code sections.  Thus, while

14   plaintiff will not be permitted to recover attorneys' fees in a manner inconsistent with <u>Kirby</u>,

15   the court does not find that the FAC's request for attorneys' fees is the proper subject of a

16   motion to strike, and thus, DENIES defendants' motion on this basis.

17          As to (2), the court finds defendants' request to be premature, as it essentially seeks

18   a merits determination on plaintiff's claims.  The court further notes that defendants have

19   cited no authority for striking a section 1021.5 request at the pleading stage.  Thus,

20   defendants' motion to strike plaintiff's request for attorneys' fees under section 1021.5 is

21   DENIED.

22                                  **CONCLUSION**

23          For the foregoing reasons, defendants' motion to dismiss/strike is GRANTED in part

24   and DENIED in part.

25          **IT IS SO ORDERED.**

26   Dated: November 18, 2014

27                                                          _____
                                                            PHYLLIS J. HAMILTON
28                                                          United States District Judge