UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMY ANDREW CONTRERAS,

       Plaintiff,                             No. C 14-3380 PJH

   v.                                  **ORDER GRANTING MOTION TO**
                                         **DISMISS AND MOTION TO STRIKE**

PERFORMANCE FOOD GROUP, INC., et al.,

       Defendants.
_____/

       Plaintiff's motion to dismiss and motion to strike came on for hearing before this court on March 18, 2015. Plaintiff Jimmy Andrew Contreras ("plaintiff") appeared through his counsel, Michael Morrison. Defendants Performance Food Group, Inc., Vistar Transportation, LLC, and Performance Transportation, LLC ("defendants") appeared through their counsel, Matthew Kane. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS plaintiff's motion to dismiss and motion to strike as follows.

       Plaintiff is a former delivery truck driver who claims that he and other members of the putative class were denied meal and rest breaks, and were compensated based on a "piece-rate" formula that paid them only for time making deliveries, rather than all time worked. Plaintiff asserts seven causes of action on behalf of the putative class: (1) failure to pay meal and rest period compensation, (2) failure to pay compensation for all hours worked and minimum wage violation, (3) failure to provide accurate wage statements, (4) waiting time penalties, (5) failure to pay all wages by the appropriate pay period, (6) penalties under the Private Attorney General Act ("PAGA"), and (7) unfair business

1  practices under Cal. Bus. & Prof. Code § 17200.

2       Defendants' answer includes a single counterclaim against plaintiff and the putative
3  class, seeking rescission of the relevant employment contracts based on either the mutual
4  mistake of the parties or the unilateral mistake of defendants.

5       As an initial matter, defendants have offered no authority for asserting a
6  counterclaim against putative class members.  Indeed, courts within this circuit have held
7  that putative class members are not parties to an action prior to class certification.  See,
8  e.g., In re TFT-LCD Antitrust Litigation, 2011 WL 1753784, at *4 (N.D. Cal. May 9, 2011);
9  Saleh v. Titan Corp., 353 F.Supp.2d 1087, 1091 (S.D. Cal. 2004).  Accordingly, until such
10 time as the absent class members are joined to this litigation, defendants may assert a
11 counterclaim only as to the named plaintiff.  Plaintiff's motion to strike the counterclaim to
12 the extent it is asserted against non-parties is therefore GRANTED.

13      Because defendants' counterclaim may be asserted only against plaintiff
14 Contreras at this time, defendants must plead facts supporting their allegation that either
15 (1) Contreras and defendants had a mutual mistaken belief as to the legality of his wage
16 agreement, or (2) defendants had a unilateral mistaken belief as to the legality of their
17 wage agreement with Contreras, and Contreras was aware of defendants'
18 misapprehension at the time of contracting but failed rectify the mistake.  As currently pled,
19 defendants offer wholly conclusory allegations regarding the putative class members'
20 (including plaintiff's) state of mind.  Accordingly, plaintiff's motion to dismiss is GRANTED.

21      In the briefs, plaintiff's counsel noted that plaintiff and the other class members are
22 not attorneys, and that "it is doubtful that they had any belief or understanding regarding
23 the lawfulness of the compensation plan(s) defendants unilaterally imposed upon them at
24 hire," and that it is "equally doubtful they understood that the piece-rate method of
25 compensation covered all hours worked in accordance with state minimum wage laws."
26 Dkt. 49 at 8.  While the court finds those arguments persuasive, it will, out of an abundance
27 of caution, allow defendants an opportunity to amend their counterclaim to allege sufficient
28 facts regarding plaintiff Contreras' state of mind, either under a mutual mistake or unilateral

mistake theory.  Defendants shall have until **May 5, 2015** to file an amended answer and counterclaim, and plaintiff shall have 21 days after any such filing to answer or otherwise respond to the amended counterclaim.  No new counterclaims or parties may be added without leave of court or the agreement of all parties.

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge